SEYFARTH SHAW LLP
David D. Kadue (SBN 113578)
dkadue@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
mgrajski@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone:  (916) 448-0159
Facsimile:  (916) 558-4839

SEYFARTH SHAW LLP
Emily Schroeder (SBN 274257)
eschroeder@seyfarth.com
Amanda Mazin (SBN 316972)
amazin@seyfarth.com
601 S. Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendant
COSTCO WHOLESALE
CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| FARRAH LANE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  5:20-cv-1731<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, and 1446]** |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, Costco Wholesale Corporation, hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332(a)(1), 1441(a) and (b), and 1446, based on diversity of citizenship jurisdiction, to effect the removal of the above-captioned action from the Superior Court of the State of California for the County of Riverside, to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

**BACKGROUND**

1.      On June 1, 2020, a complaint ("Complaint") entitled "*Farrah Lane, an individual, Plaintiff,  v. Costco Wholesale Corporation, a Washington corporation, and Does 1 through 50, Inclusive, Defendants*," designated Case No. RIC2001769 (the "State Court Action"), was filed on behalf of Plaintiff, Farrah Lane, in the Superior Court of the State of California for the County of Riverside.

2.      The Complaint alleges (1) disability discrimination in violation of the FEHA, (2) failure to engage in a timely, good faith, interactive process in violation of the FEHA, (3) failure to provide a reasonable accommodation in violation of the FEHA, (4) interference with rights under the California Family Rights Act, (5) retaliation in violation of the FEHA, (6) failure to prevent discrimination and retaliation under the FEHA, (7) tortious constructive discharge in violation of public policy, (8) declaratory relief, and (9) injunctive relief. Plaintiff seeks lost wages, earnings, employee benefits, and other compensatory damages (e.g., Complaint ¶¶ 62, 80, 97, 110, 121, 130, 140), emotional distress damages (e.g., Complaint ¶¶ 63, 81, 98, 111, 122, 131, 141), punitive damages (e.g., Complaint ¶¶ 65, 83, 100, 113, 124, 133, 143), declaratory relief (e.g., Complaint ¶¶ 150-152), injunctive relief (e.g., Complaint ¶ 155), and attorneys' fees (e.g., Complaint ¶¶ 66, 84, 101, 114, 125, 134, 144, 153). See also Prayer ¶¶ 1-9 (seeking lost wages, loss of earning capacity, employee benefits, all other sums of money, special

damages, general damages, declaratory relief, injunctive relief, punitive damages, prejudgment interest, post-judgment interest, attorney's fees, and costs of suit).

3.     Costco denies that it owes anything by the Complaint, but treats the Complaint's allegations as true for purposes of this Notice of Removal.

## PROCEEDINGS IN STATE COURT

4.     Plaintiff served Costco with the Summons and Complaint via notice and acknowledgment of receipt on July 29, 2020. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit A**.

5.     On August 25, 2020, Costco filed its Answer to Plaintiff's Complaint in the Superior Court for the State of California, County of Riverside. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

6.     **Exhibit C** constitutes all prior pleadings, process, and orders filed with any court in this matter.

## TIMELINESS OF REMOVAL

7.     This Notice of Removal is timely because it is being filed within thirty days of service of the Summons and Complaint on July 29, 2020, and within one year of the commencement of this action. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354-55 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

## FEDERAL DIVERSITY OF CITIZENSHIP JURISDICTION

8.     The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable under 28 U.S.C. section 1441(a) as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 US 81, 89-90 (2014) (a defendant seeking removal must file a "notice of removal 'containing a short and plain statement of the grounds for removal.'"; "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."; if plaintiff contests defendant's

allegations "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *2 (C.D. Cal. Mar. 3, 2015) (applying *Dart Cherokee* standard to removal of individual FEHA and wrongful termination action).

**Amount in Controversy**

9.      "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint").

10.      In determining the amount in controversy, the Court must consider the general damages, special damages, penalties, punitive damages, and attorneys' fees put "in controversy" by the plaintiff's complaint. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages."); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (explaining penalties are properly included in calculating amount in controversy).

11.      ***Lost wages.*** Here, Plaintiff seeks lost wages, as well as loss of earning capacity and employee benefits. See, e.g., Complaint ¶¶ 62, 80, 97, 110, 121, 130, 140, Prayer ¶ 1. Plaintiff alleges she was constructively discharged on September 10, 2019. Complaint ¶ 42. This removal is being filed on August 26, 2020. Thus, she is seeking more than eleven months of lost wages. At the time of her resignation from Costco, Plaintiff earned $25.65 per hour. An analysis of Plaintiff's 2017 payroll records, the year before she allegedly obtained a disability, show that she worked an approximate average of 38 hours per week. Thus, she would have earned at least $48,735 in the 11 months

from her alleged constructive discharge through this removal (38 x $25.65 x 50 weeks between September 10, 2019 and August 26, 2020 = $48,735).

12.     Plaintiff also alleges that Defendant placed her on involuntary medical leave three times, from July 2018 to July 1, 2019, July 16, 2019 to August 9, 2019, and August 26, 2019 to September 10, 2019, "when other types of reasonable accommodation were available to allow [Plaintiff] to return to work." See, e.g., Complaint ¶¶ 23, 34, 26, 40, 42, 119. During this time frame, she earned at least $25.10 per hour. Therefore, Plaintiff will seek to recover the wages that she would have earned had Defendant allegedly accommodated her work restrictions instead of placing her on a medical leave, amounting to approximately 57.5 weeks of work. Based on 38 hours per week at $25.10 per hour, Plaintiff would have earned an average of $953.80 per week. Therefore, she would have earned approximately $54,843.50 during the time she was allegedly placed on involuntary, unpaid leave as alleged in the Complaint.

13.     Thus, unpaid wages for her leave and since her resignation alone already amount to $103,578.50, which is significantly above the $75,000 in controversy required for removal.

14.     Moreover, based on the 2019 Judicial Caseload Profile for the Central District of California obtained from the United States District Court's official website (https://www.uscourts.gov/sites/default/files/data_tables/stfj_c5_630.2019.xlsx), the median time from filing to trial in a civil matter is 20.6 months. By the time this case is resolved at trial, likely no earlier than March 2022 (approximately 20.6 months from the date the lawsuit was filed), Plaintiff's alleged unmitigated lost wages could amount to at least $190,814.15 ($87,235.65 ($25.65 x 38 hours per week x 89.5 weeks), plus the $103,578.50 that Plaintiff will seek for lost wages while on involuntary leave of absence and from her alleged constructive discharge through filing her complaint).

15.     Even assuming a conservative trial date of 12 months after service of the Complaint, or May 2021, Plaintiff's lost wages up to the point of trial alone, will amount to at least $154,262.90 ($50,684.40 [amount of lost wages from service of Complaint to

5

trial date 12 months later] + $103,578.50 [amount of lost wages while Plaintiff allegedly on involuntary leave and from resignation through filing her complaint]), not including damages for lost benefits. Thus, lost wages alone satisfy the amount in controversy here.

16.     The Court must also consider Plaintiff's other alleged damages, such as any future wages Plaintiff seeks to recover, which certainly add to the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (future wages are "at stake" in the litigation and must be considered in assessing the amount in controversy).

17.     ***Emotional distress.*** In addition to lost wages, Plaintiff claims emotional distress damages. See, e.g., Complaint ¶¶ 63, 81, 98, 111, 122, 131, 141, Prayer ¶ 1. While the details of Plaintiff's alleged emotional distress damages are not pleaded in the Complaint,[1] in cases alleging disability discrimination, failure to accommodate, failure to engage in the interactive process, and wrongful termination, the emotional distress damages alone often exceed the $75,000 amount in controversy requirement. *See Benart v. DA Defense Logistics HQ LLC*, 2019 WL 8378439 (San Bernardino Sup. Ct.) (Nov. 35, 2019) (award of $331,700 pain and suffering to employee in disability discrimination and failure to accommodate action); *Cordero v. Catwalk to Sidewalk Inc.*, 2019 WL 5197104 (Los Angeles Sup. Ct.) (Sept. 25, 2019) (award of $160,000 pain and suffering to employee in disability discrimination, failure to prevent discrimination, failure to interact and provide reasonable accommodation, and wrongful termination action); *Hoover v. Dignity Health dba St. John's Pleasant Valley Hospital*, 2018 WL 10015195 (Ventura County Sup. Ct.) (Dec. 20. 2018) (award of $112,320 pain and suffering to employee in failure to engage in the interactive process, failure to provide reasonable accommodation, disability discrimination, and wrongful discharge action). These awards demonstrate that, for diversity purposes, the value of Plaintiff's claimed emotional

---

[1] Plaintiff's failure to specify particular damages permits Costco to reasonably estimate the amount in controversy. *See Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 688-90 (9th Cir. 2006) (the preponderance of evidence standard applies where a plaintiff "seeks no specific amount in damages," and a court will consider facts in the removal petition to determine whether jurisdictional requirements are met).

distress damages exceeds the $75,000 amount in controversy requirement on its own.

18. ***Punitive damages.*** Plaintiff also seeks punitive damages. *See*, e.g., Complaint ¶¶ 65, 83, 100, 113, 124, 133, 143, Prayer ¶ 4. For amount in controversy purposes, the Court must conclude that Plaintiff will prevail on her claim for punitive damages. *See Richmond  v. Allstate  Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). Because Costco is a large, profitable corporation, the potential punitive damages here could themselves exceed the $75,000 threshold. *See generally Adams v. Murakami*, 54 Cal. 3d 105, 110 (1991) (defendant's financial condition is relevant to punitive damages, which are to sting, not destroy); *Simon v. San Paolo U.S. Holding Co.*, 35 Cal. 4th 1159 (2005) (punitive damages cannot constitutionally exceed ten times damages). Moreover, an examination of jury awards shows that punitive damage awards alone in these types of cases can greatly exceed the $75,000 amount in controversy requirement. *See Benart*, 2019 WL 8378439 (award of $500,000 in punitive damages in disability discrimination and failure to accommodate action); *Do v. Raytheon Co.*, 2018 WL 4859096 (Los Angeles Sup. Ct.) (Aug. 21, 2018) (award of $750,000 in punitive damages in failure to accommodate and engage in the interactive process case).

19. ***Attorneys' fees.*** Requests for attorneys' fees must also be considered in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The reasonable amount of attorneys' fees may be based upon fee awards in similar cases. *Lyon v. W.W. Grainger Inc.*, 2010 WL 1753194, at *5 (N.D. Cal. Apr. 29, 2010) ("Defendant's use of similar cases to estimate the cost of attorney's fees is sufficient to establish that its estimate is more likely than not correct."); *Brady*, 243 F. Supp. 2d at 1010-11 (relying on evidence of fee awards in similar cases to determine a reasonable estimate of attorneys' fees). Verdicts in similar cases show that attorneys' fees in discrimination and wrongful termination cases typically exceed $75,000. *See Hoover v. Dignity Health dba St. John's*

7

*Pleasant Valley Hospital*, 2018 WL 10015195 (Ventura County Sup. Ct.) (Dec. 20. 2018) (award of $957,510 in attorney fees in the interactive process, failure to provide reasonable accommodation, disability discrimination, and wrongful discharge action); *Mayo v. Community Development Commission of the County of Los Angeles*, 2014 WL 10105588 (Los Angeles County Sup. Ct.) (November 6, 2014) (awarding plaintiff attorney fees in the amount of $613,743 in FEHA disability discrimination case).

20. While Costco denies any liability as to Plaintiff's claims, it is evident that Plaintiff has made a good faith demand that the amount in controversy in this action exceeds the $75,000, and thus the amount in controversy requirement under 28 U.S.C. section 1332(a) is satisfied.

**Diverse Citizenship of the Parties**

A. **Plaintiff's Citizenship.**

21. Diversity exists between "citizens of different States." 28 U.S.C. section 1332(a)(1). For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is determined at the time the lawsuit was filed. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2nd Cir. 2001).

22. The Complaint alleges that "[a]t all times material herein, Plaintiff … was an employee of [Defendant] … from approximately May 2002 to September 10, 2019. [Plaintiff] most recently worked at [Defendant]'s distribution center … located at 11600 Riverside Drive, Mira Loma, California 91752 … from approximately September 2017 to September 10, 2019." Complaint ¶ 3. Moreover, based on information in Plaintiff's personnel file that she submitted to Costco throughout the course of her employment (which began in 2002), Plaintiff has listed a California address as her current address since approximately June 2016.[2] Moreover, from approximately June 2016 through her

_____

[2] When Plaintiff began her employment with Defendant in 2002, she worked in various California locations until approximately September 2008, when she moved to Colorado. Between approximately September 2008 and June 2016, Plaintiff was domiciled in

alleged constructive discharge in September 2019, Plaintiff worked at two California Costco locations. And neither Plaintiff nor her counsel has provided a different address or expressed that Plaintiff does not intend to remain domiciled in California.

23.     Because at all times relevant to this case, Plaintiff has been a resident and citizen of the State of California, she is domiciled in and a citizen of the State of California for diversity purposes.

### B.     Costco Wholesale Corporation's Citizenship.

24.     Costco is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) ("[A] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'"). One determines a corporation's principal place of business with the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, a corporation's principal place of business is where its "officers direct, control and coordinate the corporation's activities." *Id.* at 92. A corporation typically directs and coordinates its activities from its headquarters. *Id.*

25.     Costco is now, and ever since this action commenced has been, a corporation incorporated under the laws of the State of Washington, where its corporate headquarters are located.

26.     Under the "nerve center" test, Costco's principal place of business is the state of Washington because most of Costco's executive and administrative functions occur in corporate headquarters at Issaquah, Washington.

27.     As a result, Costco is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

Colorado and worked for multiple Colorado Costco locations, and then moved back to California.

9

**C.     Doe Defendants' Citizenship.**

28.     Pursuant to 28 U.S.C. section 1441(b), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1191 n.1 (9th Cir. 1988) (doe defendants need not join in removal); *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants need not join in a removal petition). Thus, doe defendants, 1 through 50, do not deprive this Court of jurisdiction.

## VENUE

29.     Venue lies in the Central District of California under 28 U.S.C. sections 1441(a), 1446(a), and 84(c). This action originally was brought in the Superior Court of the State of California, County of Riverside, which is located within the Central District of California.

## NOTICE OF REMOVAL

30.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk in the State Court Action. This Notice of Removal also will be served on counsel for Plaintiff, and a copy of the Proof of Service will be filed shortly after these papers are filed and served.

## PRAYER FOR REMOVAL

31.     WHEREFORE, Costco prays that the State Court Action be removed to the United States District Court for the Central District of California.

10

1  | DATED: August 26, 2020                SEYFARTH SHAW LLP

2

3                                          By: /s/ Emily E. Schroeder

4                                              David D. Kadue
                                               Mark Grajski
5                                              Emily E. Schroeder
                                               Amanda Mazin
6
                                           Attorneys for Defendant
7                                          COSTCO WHOLESALE
                                           CORPORATION
8
64675910v.1
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL