EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** COSTCO WHOLESALE CORPORATION, a
*(AVISO AL DEMANDADO):* Washington corporation; and DOES
1 through 50, inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED
**Superior Court of California**
**County of Riverside**

**6/1/2020**

**K. Thomsen**

Electronically Filed

**YOU ARE BEING SUED BY PLAINTIFF:** FARRAH LANE, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*

**RIC2001769**

Riverside Historic Courthouse
4050 Main Street
4050 Main Street
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alan I. Schimmel, Esq.                (818)464-50        (818)464-5091
SCHIMMEL & PARKS, APLC
15303 Ventura Blvd. Suite 650
Sherman Oaks, CA 91403

DATE: **6/1/2020**              Clerk, by _____, Deputy
*(Fecha)*                       *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
⬥ Plus

Code of Civil Procedure §§ 412.20, 465

1  Alan I. Schimmel, Esq. SBN 101328
   Michael W. Parks, Esq. SBN 154531
2  Arya Rhodes, Esq. SBN 299390
3  **SCHIMMEL & PARKS, APLC**
   15303 Ventura Blvd., Suite 650
4  Sherman Oaks, CA 91403
   Tel.: 818.464.5061 / Fax:  8484
5
6  *[Additional counsel listed on next page]*

7  Attorneys for Plaintiff FARRAH LANE

8

**FILED**
Superior Court of California
County of Riverside
**6/1/2020**
**K. Thomsen**
Electronically Filed

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF RIVERSIDE**

10

| | |
|---|---|
| FARRAH LANE, an individual, | Case No.:   **RIC2001769** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1.  Disability Discrimination (Violation of Gov. Code § 12940(a)) |
| COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 50, inclusive, | 2.  Failure to Engage in a Timely, Good Faith, Interactive Process (Violation of Gov. Code § 12940(n)) |
| Defendants. | 3.  Failure to Provide Reasonable Accommodation (Violation of Gov. Code § 12940(m)) |
| | 4.  Interference with Rights Under the CFRA (Violation of Gov. Code § 12945.2(l)) |
| | 5.  Retaliation for Exercising Rights under the FEHA (Violation of Gov. Code § 12940(h)) |
| | 6.  Failure to Prevent Discrimination and Retaliation (Violation of Gov. Code § 12940(k)) |
| | 7.  Tortious Constructive Discharge in Violation of Public Policy |
| | 8.  Declaratory Relief |
| | 9.  Injunctive Relief |
| | **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

Henna H. Choi (SBN 306254)
Marc Tran (SBN 306274)
**THE HENNA CHOI LAW FIRM**
555 W. 5th St., 35th Fl.
Los Angeles, CA 90013
Tel.: (213) 534-7620 / Fax: (818) 858-1708
E-mail: henna@hennachoilaw.com
marc@hennachoilaw.com

Joshua Park (SBN 299572)
**LAW OFFICE OF JOSHUA PARK**
2372 Morse Ave., Suite 150
Irvine, CA 92614-6234
Tel.: (714) 202-6861 / Fax: (714) 475-3594
E-mail: jpark@joshuaparklaw.com

Attorneys for Plaintiff FARRAH LANE

**COMPLAINT FOR DAMAGES**

1  Plaintiff FARRAH LANE ("PLAINTIFF"), an individual, complains and alleges
2  as follows:

### JURISDICTION AND VENUE

4      1.    Jurisdiction is conferred on this Court over the defendants named
5  herein, who conduct business and/or reside in the State of California. Jurisdiction is
6  conferred on this Court as to all causes of action, as they arise under state statutory
7  or common law.

8      2.    Venue is proper in this Court because a substantial part of the events
9  and omissions giving rise to PLAINTIFF's causes of action occurred in this County;
10 COSTCO WHOLESALE CORPORATION ("COSTCO"), a defendant named herein,
11 is a corporation that conducts business in this County; and conduct by COSTCO
12 complained of herein occurred in this County.

### PARTIES

14     3.    At all relevant times, PLAINTIFF was an employee of defendant
15 COSTCO within the meaning of all applicable California state laws, statutes, and
16 regulations, from approximately May 7, 2002 to September 10, 2019. PLAINTIFF
17 most recently worked at COSTCO's distribution center, which is also known as
18 "Costco Depot," located at 11600 Riverside Drive, Mira Loma, California 91752
19 (hereinafter referred to as the "Mira Loma Depot"), from approximately September
20 2017 to September 10, 2019.

21     4.    PLAINTIFF is informed and believes and based thereon alleges that
22 defendant COSTCO is, and was at all times mentioned herein, a corporation
23 organized under the laws of the State of Washington and is registered to conduct
24 business in the State of California. PLAINTIFF is informed and believes and thereon
25 alleges that COSTCO conducts a substantial part of its business in the State of
26 California; manages, owns, or operates two distribution centers in the State of
27 California and approximately 130 retail stores in the State of California, which is the
28 state that contains most Costco stores in the United States. COSTCO also employs

1

thousands of employees in the State of California. At all relevant times, defendant COSTCO was an "employer" of PLAINTIFF within the meaning of all applicable California state laws, statutes, and regulations.

5.      PLAINTIFF is informed and believes and based thereon alleges that, at all material times alleged herein, defendants COSTCO and DOES 1 through 50, inclusive, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and assigns, each of the other, and all times relevant herein, were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

6.      The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 50, inclusive, and each of them, are presently unknown to PLAINTIFF who sues said defendants by such fictitious names. PLAINTIFF is informed and believes and based thereon alleges that each of the defendants designated as DOE is in some manner responsible and liable for the wrongs and damages as alleged below, and in so acting, was functioning as the agent, servant, partner, and employee of the codefendants; and in doing such actions mentioned below, was acting within the course and scope of his or her authority as such agent, servant, partner, and employee with the permission and consent of the codefendants. PLAINTIFF will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

7.      Defendants COSTCO and DOES 1 through 50, inclusive, will be hereinafter collectively referred to as "DEFENDANTS."

////

////

2

**COMPLAINT FOR DAMAGES**

1      8.     Whenever and wherever reference is made of individuals who are
2   not named as PLAINTIFF or DEFENDANTS in this Complaint, but were
3   agents, servants, employees, and/or supervisors of DEFENDANTS, such
4   individuals at all relevant times acted on behalf of DEFENDANTS within the
5   scope of their employment.

6      9.     PLAINTIFF is informed and believes and based thereon alleges that, at
7   all material times alleged herein, each defendant was completely dominated and
8   controlled by its co-defendant and each was the alter ego of the other.

9      10.    PLAINTIFF performed services for each and every one of
10  DEFENDANTS, and each of them, and to their mutual benefit; and all of
11  DEFENDANTS, and each of them, shared control of PLAINTIFF as an
12  employee, either directly or indirectly, and the manner in which their business
13  was and is conducted.

14                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15     11.    PLAINTIFF has satisfied the administrative prerequisites with respect
16  to all of her claims arising under the California Fair Employment and Housing Act
17  ("FEHA") and all related filings.   PLAINTIFF timely filed complaints against
18  DEFENDANTS under Government Code sections 12940, et seq., the FEHA, with the
19  California Department of Fair Employment and Housing ("DFEH"); and received a
20  "Right to Sue" Notice from the DFEH on April 3, 2019.   On October 1, 2019,
21  PLAINTIFF amended said complaint and received an Amended "Right to Sue" Notice
22  from the DFEH.

23     12.    This action is not preempted by the California Workers' Compensation
24  Act because claims arising under the FEHA, including, but not limited to, disability
25  discrimination and retaliation, fall outside the scope of the workers' compensation
26  bargain and are not risks or conditions of employment subject to workers'
27  compensation law.

28  ///

3

**COMPLAINT FOR DAMAGES**

1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2      13.    For more 17 years, from approximately May 7, 2002 to September 10,
3 2019, PLAINTIFF was employed by defendant COSTCO; worked at various Costco
4 locations within the State of California and held various positions, including:
5 Produce Stocker, Food Court Supervisor, Front End Cashier, Receiving Forklift
6 Driver, Sales Auditor, Tire Sales/Installer, Marketing Representative, Membership
7 Assistant, Seasonal Front End Supervisor, Refunds Clerk, Night Merchandising /
8 Forklift Driver / Stocker, Morning Merchandising Stocker, Bakery Wrapper, Depot
9 Returns Clerk, and Depot Payroll Clerk. PLAINTIFF's last position with COSTCO
10 was Depot Payroll Clerk, and her most recent work location prior to her constructive
11 termination on September 10, 2019, was the Mira Loma Depot. PLAINTIFF was a
12 hardworking employee who was knowledgeable in various departments within
13 COSTCO's retail and wholesale locations and who was undoubtedly an invaluable
14 member of COSTCO's workforce.

15      14.    During her more than 17 years of employment, PLAINTIFF was a loyal
16 and dedicated employee of COSTCO, performed her job duties competently, and was
17 well liked by her supervisors, coworkers, and customers. For example, PLAINTIFF
18 was known to be "a team player," "dependable," "reliable," "dedicated,"
19 "hardworking," "friendly," "efficient," "possessing an outstanding work ethic," and
20 "very helpful," among many other accolades PLAINTIFF received. Throughout her
21 employment with COSTCO, PLAINTIFF received excellent performance appraisals
22 and numerous pay raises. PLAINTIFF worked hard and was looking forward to
23 continued growth with the company.

24      15.    Until approximately September 2017, PLAINTIFF worked mostly at
25 COSTCO's retail locations. On or about September 11, 2017, PLAINTIFF was
26 promoted to a "Depot Returns Clerk" position and transferred to the Mira Loma
27 Depot at the time of its launch. As a Depot Returns Clerk, PLAINTIFF's job duties
28 were performed mostly on a computer and at a standing desk, and her other job duty

1    was tagging the pallets.  At the Mira Loma Depot, PLAINTIFF and her coworkers
2    were required to wear steel-toed boots in the warehouse area.  However, PLAINTIFF
3    is informed and believes and based thereon alleges that the employees working in the
4    offices were not required to wear steel-toed boots in the 2017 to 2018 time period.

5        16.    Soon after PLAINTIFF started at the Mira Loma Depot, PLAINTIFF
6    and her coworkers were working mandatory 10 to 12-hour shifts six days per week
7    during COSTCO's busiest time of the year, including the holidays at the year-end.
8    During this time, PLAINTIFF started developing pain in both feet due to working
9    long hours while wearing steel-toed boots without an opportunity to sit.  The Mira
10   Loma Depot is huge—approximately 800,000 square feet large.  There was more than
11   enough space to place chairs or stools to provide Mira Loma Depot employees with an
12   opportunity to sit during a break or whenever their job duties permitted sitting, but
13   DEFENDANTS did not provide PLAINTIFF and her coworkers with a stool or chair.
14   Moreover, DEFENDANTS placed bars all around the legs of the standing desks, so
15   that no stool or chair could be placed under.  DEFENDANTS did this intentionally
16   and knowingly to prevent Mira Loma Depot employees from sitting on a chair or stool,
17   in callous disregard of their health or welfare.

18       17.    PLAINTIFF tried different types of steel-toed boots, but the pain never
19   went away.  Due to the excruciating pain in their feet, PLAINTIFF and her coworkers
20   had requested stools numerous times since late September 2017.   Each time
21   PLAINTIFF asked for a stool as a reasonable accommodation for the pain in her feet,
22   she was denied a stool and was not offered any alternative type of accommodation
23   that would help her perform her job duties without aggravating the pain.
24   In or around October 2017, PLAINTIFF and her coworkers even offered to buy their
25   own stools, but COSTCO did not allow them to do so.  Instead, PLAINTIFF and her
26   coworkers were forced to work with excruciating pain, which caused PLAINTIFF and
27   at least one of her coworkers a serious physical disability in their feet, which
28   prevented them from being able to stand without discomfort.

**COMPLAINT FOR DAMAGES**

1      18.    PLAINTIFF complained numerous times to her supervisor, Shipping

2  Supervisor Gaby Amavizca ("Ms. Amavizca"), of the pain in PLAINTIFF's feet.  On

3  or about April 3, 2018, PLAINTIFF asked for a stool again when she saw two

4  Receiving Auditors sitting on stools.  PLAINTIFF thought that maybe someone

5  finally approved the employees in the Mira Loma Depot to have stools.  PLAINTIFF

6  wanted a stool as well, so she asked Ms. Amavizca again for a stool.  Ms. Amavizca

7  asked Return Department Manager Juan Cruz ("Mr. Cruz") whether the shipping

8  employees, including PLAINTIFF, could have stools too.  Mr. Cruz said "no," and

9  immediately told the two Receiving Auditors to get rid of their stools.

10      19.    On or about April 17, 2018, PLAINTIFF could no longer bear the

11  extreme pain and went to COSTCO's industrial clinic.  PLAINTIFF was diagnosed

12  with plantar fascia fibromatosis, which is a relatively uncommon non-malignant

13  thickening of the feet's deep connective tissue, or fascia.  PLAINTIFF's doctor ordered

14  the following work restrictions:  (1) should be sitting 75% of the time; (2) weight

15  bearing as tolerated; and (3) may not walk on uneven terrain.  To this day,

16  PLAINTIFF is still having difficulty bearing weight on her feet or standing for a

17  prolonged period of time and has the same restrictions.

18      20.    On or about April 18, 2018, PLAINTIFF returned to work, with the

19  "sitting 75% of the time" restriction.  PLAINTIFF was sent home that day because

20  COSTCO refused to accommodate her.  COSTCO, without engaging in any interactive

21  process, decided to send PLAINTIFF home and determined that it was unable to

22  accommodate PLAINTIFF's restrictions.  Over the next few days, PLAINTIFF spoke

23  with Administrative Manager "Cindy" (last name unknown) about being provided

24  with a stool, but Cindy notified PLAINTIFF that she could not be provided with a

25  stool in her department according to Depot Manager Stuart "Stu" Bell ("Mr. Bell").

26  PLAINTIFF responded that denying her a stool was against the law, and Cindy

27  stated, "I'm pretty sure that's not a law."  PLAINTIFF also contacted the corporate

28  headquarters in Issaquah, Washington, and spoke to Cynthia Guevara ("Ms.

1 Guevara") to get a definite answer as to why PLAINTIFF's managers at the Mira
2 Loma Depot were not providing her with a stool. However, Ms. Guevara also came
3 back with the same answer—COSTCO would not provide PLAINTIFF with a stool.

4     21.    Beginning on approximately April 24, 2018, PLAINTIFF was placed on
5 COSTCO's Interim Community Employment Program ("ICEP") because COSTCO
6 would not accommodate her disability. COSTCO provided PLAINTIFF with modified
7 work through ICEP for approximately 12 weeks according to California workers'
8 compensation law that mandates modified work to an employee who is injured on the
9 job. As a result, PLAINTIFF was forced to transfer to a thrift store where she was
10 also denied a stool and where she was folding clothes and untangling jewelry, which
11 were not comparable to Plaintiff's regular job duties by any means. By transferring
12 PLAINTIFF to a thrift store, COSTCO completely ignored its obligations under the
13 FEHA, including its affirmative duty to engage in a timely, good faith, interactive
14 process and to provide a reasonable accommodation to an employee with a disability.

15     22.    On or about June 14, 2018, while PLAINTIFF was still working at the
16 thrift store, COSTCO asked PLAINTIFF to come to the Mira Loma Depot to sign
17 some paperwork and have a meeting with Mr. Cruz. During this meeting, Mr. Cruz
18 asked PLAINTIFF what he could do to help her come back to work. PLAINTIFF
19 responded, "Give me a stool," and Mr. Cruz told her, "well, I want air conditioning in
20 this building, and I'm not going to get that." Mr. Cruz never provided PLAINTIFF
21 with a stool that she asked for.

22     23.    After the 12 weeks of being on the ICEP, PLAINTIFF was placed on
23 an involuntary medical leave for approximately one year, from approximately July
24 2018 to approximately July 1, 2019. During that time, PLAINTIFF tried to go
25 back to work with a reasonable accommodation several times to no avail, as
26 described in detail below.

27 ///

28 ///

7

**COMPLAINT FOR DAMAGES**

1    24.    On or about October 17, 2018, PLAINTIFF sent an e-mail to various

2    COSTCO employees in Corporate, as well as her managers at the Mira Loma Depot,

3    explaining her efforts to date to be provided with a reasonable accommodation.

4    PLAINTIFF also highlighted her essential job duties and explained how they could

5    be performed while sitting on a stool.  PLAINTIFF did not receive any response to

6    her October 17, 2018 e-mail until October 25, 2018, when she received a phone call

7    from COSTCO's Leave and Accommodation Specialist Linda Smith ("Ms. Smith").

8    Ms. Smith called PLAINTIFF to ask some questions, including what PLAINTIFF's

9    job duties were and whether her job duties could be performed while seated.  This

10   discussion was fruitless, as Ms. Smith was referring to the incorrect job description.

11   Thus, rather than discuss with PLAINTIFF about her actual job duties or looking

12   into the correct job description, Ms. Smith stated, "These all seem like standing jobs

13   to me, so I don't see what the disconnect is."  Ms. Smith stated that she would have

14   to get back to PLAINTIFF, and that she did not know what would happen.

15   25.    As PLAINTIFF never heard back from any of the individuals to whom

16   she sent her October 17, 2018 e-mail and also never heard back from Ms. Smith since

17   the phone call with her on October 25, 2018, PLAINTIFF sent another e-mail to

18   Corporate on November 8, 2018.  PLAINTIFF asked for a response to her October 17,

19   2018 e-mail.

20   26.    On or about November 9, 2018, PLAINTIFF received an e-mail from

21   Personnel Specialist Jonathan Shue ("Mr. Shue") in the Corporate Human

22   Resources ("HR") department.  Mr. Shue stated that he had communicated with

23   both PLAINTIFF's work location and Ms. Smith, that her work location was "unable

24   to accommodate the restrictions provided by [PLAINTIFF's] healthcare provider,"

25   and that "COSTCO [was] appropriate to place [PLAINTIFF] on a leave of absence

26   as an accommodation."

27   27.    Between November 2018 and May 2019, DEFENDANTS were put on

28   notice numerous times by PLAINTIFF's physicians that PLAINTIFF could return to

8

**COMPLAINT FOR DAMAGES**

1  work full time, if she is allowed a "STOOL AT WORK STATION" and if she is "allowed
2  to sit at her desk and not to stand while on the computer and allowed for 10-minute
3  every 2 hours." Despite having actual knowledge that PLAINTIFF should have been
4  allowed to return to work with a reasonable accommodation, DEFENDANTS never
5  once initiated a dialogue with PLAINTIFF to engage in an interactive process or to
6  offer her a stool that was requested by her physician. DEFENDANTS' conduct
7  deprived PLAINTIFF of opportunities to return to work and perform her regular job
8  duties, as well as opportunities for advancement in her career.

9      28.    Moreover, in or about January 2019, DEFENDANTS terminated
10 PLAINTIFF's health benefits under a group plan, even though PLAINTIFF was on
11 involuntary medical leave, which DEFENDANTS approved as a leave qualifying
12 under the Family Medical Leave Act ("FMLA") and the California Family Rights Act
13 ("CFRA"). This clearly interfered with PLAINTIFF's rights under the CFRA.

14     29.    In or about April 2019, DEFENDANTS became aware that PLAINTIFF
15 had legal representation by her attorneys of record. Only then did DEFENDANTS
16 ask PLAINTIFF to return to work in a different position and offered two options,
17 including the Depot Payroll Clerk, which was PLAINTIFF's final position with
18 COSTCO. However, the offer letter from Mr. Bell stated that PLAINTIFF's work
19 restrictions continue to prevent her from returning to her own position with or
20 without "temporary accommodations," and that the positions were being offered "as
21 a temporary accommodation." Mr. Bell's letter also asked PLAINTIFF to contact Mr.
22 Bell, if PLAINTIFF had any questions or concerns.

23     30.    Upon receipt of Mr. Bell's letter on or about May 19, 2019, PLAINTIFF,
24 who wanted to return to work for a long time, wrote to Mr. Bell on May 22, 2019.
25 PLAINTIFF expressed her interest in taking the Depot Payroll Clerk position and
26 asked Mr. Bell how she would be accommodated in this position and what positions
27 would be available once her restrictions become permanent. PLAINTIFF also
28 requested a copy of the job description for the Depot Payroll Clerk position. On that

9

1    same date—May 22, 2019, Mr. Bell had the payroll department to forward the job
2    description to PLAINTIFF but failed to address PLAINTIFF's questions in her May
3    22, 2019 e-mail.

4        31.    Because PLAINTIFF never heard back from Mr. Bell regarding her
5    questions, PLAINTIFF wrote to Mr. Bell again on May 28, 2019. In this e-mail,
6    PLAINTIFF asked additional questions, including whether the Depot Payroll Clerk
7    position could be a permanent position instead of temporary, as well as questions
8    about the job description. For example, one of the essential functions of the Depot
9    Payroll Clerk was an ability to rotate to other clerk positions within the depot and
10    the ability to perform all of the essential functions of all of the clerk positions.
11    Moreover, the physical demands section of the job description stated that sitting,
12    walking, and standing were required continuously over five hours. PLAINTIFF
13    asked Mr. Bell to address how DEFENDANTS would accommodate PLAINTIFF's
14    restrictions, as it was clear that she could not be walking or standing continuously
15    for five hours at any given time. These requirements would also clearly violate her
16    work restrictions prescribed by her physicians.

17        32.    Mr. Bell did not respond to PLAINTIFF until June 7, 2019, which
18    further prolonged PLAINTIFF's involuntary medical leave. In his response, however,
19    Mr. Bell addressed only one of PLAINTIFF's questions—regarding the ability to
20    rotate—and again failed to address PLAINTIFF's other concerns. The major red flag
21    in that letter was that while DEFENDANTS "[were] not going to insist on an ability
22    to rotate to other positions," but "if a need to rotate arises, [DEFENDANTS] will raise
23    that with [PLAINTIFF] at the time and determine what action to take, which could
24    include [PLAINTIFF] **going back on leave**." Accordingly, it was clear that
25    DEFENDANTS did not intend to engage in an interactive process in good faith, and
26    that DEFENDANTS were setting PLAINTIFF up for failure by offering her the
27    position without discussing accommodations for all of the job duties that would be
28    assigned to PLAINTIFF, or whether those accommodations would be reasonable or

10

1   not.  PLAINTIFF is informed and believes that DEFENDANTS offered the Depot

2   Payroll Clerk position to her merely as a ruse, and that DEFENDANTS did not truly

3   want PLAINTIFF to return to work, as confirmed by the events that followed, which

4   are set forth below.

5       33.    Despite the fact that DEFENDANTS failed to address PLAINTIFF's

6   concerns about whether or how DEFENDANTS would reasonably accommodate her

7   work restrictions, PLAINTIFF ultimately accepted the Depot Payroll Clerk position

8   and returned to work on July 1, 2019.  PLAINTIFF wanted to cooperate and wanted

9   to go back to work.  PLAINTIFF started the new position with the hope that she could

10  continue working for COSTCO without being discriminated or retaliated against.

11  However, what PLAINTIFF experienced in the coming months—in July and August

12  2019, proved that this was not the case.   Once PLAINTIFF returned to work,

13  DEFENDANTS again required her to wear steel-toed shoes, despite the fact that

14  PLAINTIFF was now working in the payroll office, not in the warehouse.

15      34.    The steel-toed shoes that PLAINTIFF was required to wear in the office

16  aggravated her disability of plantar facia fibromatosis, and PLAINTIFF was again in

17  excruciating pain.  Accordingly, on or about July 16, 2019, PLAINTIFF brought

18  another doctor's note asking DEFENDANTS to allow PLAINTIFF to wear tennis

19  shoes  and  gave  that  note  to  Assistant  General  Manager  Cindy  Alvarado

20  ("Ms. Alvarado").  Ms. Alvarado stated that PLAINTIFF could not wear regular

21  tennis shoes that she brought to work because everyone in the Mira Loma Depot is

22  required  to  wear  steel-toed  shoes  regardless  of  which  area  they  worked  in.

23  Ms. Alvarado also stated that she wished she could wear regular tennis shoes in the

24  office, but that it was a "corporate decision."  Ms. Alvarado then stated, "I'll send it

25  up to Teresa," who is in Corporate.  But then, on that same day, Ms. Alvarado called

26  PLAINTIFF to the office at the end of her shift and placed her back on involuntary

27  medical leave.  Ms. Alvarado, alongside Admin Manager Jason Little ("Mr. Little"),

28  informed PLAINTIFF that DEFENDANTS could not let her wear regular tennis

11

**COMPLAINT FOR DAMAGES**

1   shoes and that it was mandatory for all depot employees to wear steel-toed shoes.
2   PLAINTIFF was also told that it was corporate policy that was not going to change any
3   time soon.  PLAINTIFF however, learned from her fellow Mira Loma Depot payroll
4   clerk coworkers that DEFENDANTS had always allowed them to wear regular tennis
5   shoes in the payroll office and DEFENDANTS had suddenly changed its shoe policy as
6   soon as PLAINTIFF started as a Depot Payroll Clerk on July 1, 2019.

7       35.     PLAINTIFF is informed and believes that, DEFENDANTS changed
8   COSTCO's corporate shoe policy to cover up DEFENDANTS' discriminatory and
9   retaliatory employment practices, and in retaliation for PLAINTIFF's exercise of her
10  rights under the FEHA.

11      36.     On or about July 22, 2019, PLAINTIFF again wrote to Mr. Bell and
12  requested that he confirm receipt of the doctor's note that PLAINTIFF submitted to
13  DEFENDANTS on July 15, 2019, as well as clarification on why she had to wear
14  steel-toed shoes when working in the office, which would be completely safe and away
15  from any heavy equipment.  PLAINTIFF wanted to discuss the accommodation
16  process but never received a response from Mr. Bell.  Instead, on August 8, 2019,
17  Mr. Little left PLAINTIFF a voicemail message at 3:26 p.m., advising PLAINTIFF
18  that she was scheduled to work the next day morning at 7:00 a.m.  This short notice
19  violated the company policy and procedure that required at least 24-hour notice.
20  In any event, Mr. Little did not mention whether or how PLAINTIFF would be
21  accommodated for her disability and asked PLAINTIFF to return to work without
22  any explanation.  When PLAINTIFF called Mr. Little back, PLAINTIFF was told that
23  there were two pairs of shoes waiting for her.  She tried to discuss the issue with
24  higher management but was prevented from doing so in violation of the company's
25  Open Door Policy.

26      37.     Still wanting to cooperate in good faith, PLAINTIFF obliged with
27  DEFENDANTS' request and showed up at work on the next day.  Mr. Bell and
28  another manager, Kimsu Richardson ("Ms. Richardson") took PLAINTIFF into an

12

1   office and showed her the shoes.  The shoes that they gave PLAINTIFF were
2   composite toe shoes by Reebok, which were similar to steel-toed boots in that they
3   also had composite material on the top and which felt very similar to steel but
4   provided no comfort whatsoever (hereinafter referred to as "the Reeboks").  When
5   PLAINTIFF informed Mr. Bell and Ms. Richardson that the Reeboks were not regular
6   tennis shoes requested by her doctor, Mr. Bell and Ms. Richardson told PLAINTIFF
7   that her doctor could not tell PLAINTIFF how her feet were going to feel in the new
8   shoes, and that she should just try them on and see for herself.  PLAINTIFF still
9   wanted to cooperate in good faith and told them that she was willing to give the
10  Reeboks a try, and that she would work in them and discuss with her doctor at her
11  next appointment about the shoes.  During this encounter, Ms. Richardson kept
12  commenting, "So your feet hurt in any shoe, not just steel toe," despite the fact that
13  the Reeboks that they gave her were not just "any shoe[s]."

14       38.   The Reeboks that DEFENDANTS gave to PLAINTIFF hurt her feet by
15  9:00 a.m., shortly after PLAINTIFF started wearing them.   Mr. Bell asked
16  PLAINTIFF around 10 a.m. how the Reeboks were feeling.  PLAINTIFF informed
17  Mr. Bell that her feet were hurting already.  In response, Mr. Bell asked why the
18  Reeboks were different from PLAINTIFF's tennis shoes, and PLAINTIFF described
19  how the Reeboks were very tight and her feet had a dull, numbing pain while her toes
20  were tingling.   Despite this discussion, nothing had changed with respect to
21  reasonable accommodation for PLAINTIFF.  The Reeboks were not reasonable
22  accommodation for PLAINTIFF's disability and only aggravated her injury.

23       39.   Accordingly, on or about August 12, 2019, PLAINTIFF again provide
24  Mr. Bell with her doctor's note stating that she should be allowed to wear running
25  shoes and sit as needed.  Instead of initiating a good faith, interactive process with
26  PLAINTIFF, Mr. Bell informed her that DEFENDANTS could not accommodate her
27  disability due to COSTCO's current shoe policy that suddenly required every depot
28  employee to wear steel-toed shoes.   Mr. Bell then put PLAINTIFF back on

13

1 │ involuntary medical leave.

2 │     40.    On Friday, August 23, 2019, at approximately 3:20 p.m.,
3 │ DEFENDANTS informed PLAINTIFF that she was again being placed on the ICEP
4 │ and to report to work at a thrift store in Pomona, California on the following Monday,
5 │ August 26, 2019. This forced transfer to the thrift store in Pomona required
6 │ PLAINTIFF to drive approximately 60 miles roundtrip every day to commute. Once
7 │ there, PLAINTIFF was asked to clean and wash dishes, which were not comparable
8 │ to PLAINTIFF's original job position of Depot Returns Clerk or her other job position
9 │ of Depot Payroll Clerk. In sum, the forced transfer to the thrift store was not
10 │ reasonable when DEFENDANTS could easily accommodate PLAINTIFF's disability
11 │ by either allowing her to wear tennis shoes or running shoes as a Depot Payroll clerk,
12 │ or by providing her with a stool to allow her to work as a Depot Returns Clerk.
13 │ Transferring PLAINTIFF to the thrift store deprived PLAINTIFF of work
14 │ opportunities or assignments; materially changed the terms, conditions, and
15 │ privileges of PLAINTIFF's employment; and materially affected her opportunity for
16 │ advancement in her career with COSTCO.

17 │     41.    PLAINTIFF's disability could have been easily accommodated.
18 │ However, PLAINTIFF was placed on involuntary medical leave within approximately
19 │ one year and was denied a timely, good faith, interactive process and a reasonable
20 │ accommodation repeatedly. Once PLAINTIFF was placed on the ICEP for the second
21 │ time, PLAINTIFF saw the writing on the wall and confirmed her belief that
22 │ DEFENDANTS did not want her to return to work and did not intend to work with
23 │ her to help her return to work with a reasonable accommodation.

24 │     42.    On or about September 10, 2019, PLAINTIFF was forced to resign from
25 │ her employment with COSTCO because the foregoing adverse employment actions by
26 │ DEFENDANTS left her with no reasonable alternative other than being forced to
27 │ resign from her job. PLAINTIFF is informed and believes that DEFENDANTS, and
28 │ each of their managing agents and employees, despite having actual knowledge and

**COMPLAINT FOR DAMAGES**

1  being put on notice for a long period of time that PLAINTIFF had a disability that
2  required a reasonable accommodation, intentionally and knowingly created working
3  conditions that were so intolerable such that PLAINTIFF had no reasonable
4  alternative other than being forced to resign from her job.

5      43.    PLAINTIFF is informed and believes and based thereon alleges that
6  DEFENDANTS intentionally and knowingly took the aforementioned adverse
7  employment actions against PLAINTIFF because of her actual or perceived
8  disability, exercise of the rights under the FEHA, or combination of any of these
9  protected characteristics.    PLAINTIFF is further informed and believes that
10 DEFENDANTS discriminatorily and retaliatorily created, implemented, and
11 enforced the new corporate shoe policy all in order to manufacture a pretext for its
12 discriminatory and retaliatory employment practices and to prevent PLAINTIFF
13 from returning to work with a reasonable accommodation.

14     44.    PLAINTIFF is also informed and believes and based thereon alleges
15 that the implementation or enforcement of any applicable policies of
16 DEFENDANTS, and each of them, disparately impacted her and others with actual
17 or perceived disabilities.

18     45.    In engaging in the foregoing wrongful conduct, DEFENDANTS, and
19 each of them, engaged in a deliberate campaign to degrade, humiliate, and break the
20 spirit of PLAINTIFF.    As a result, PLAINTIFF experienced and continues to
21 experience extreme emotional distress and loss of past and future income.
22 Furthermore, as a result of the aforementioned wrongful conduct by DEFENDANTS,
23 PLAINTIFF experienced, and continues to experience, aggravated disability related
24 to her plantar facia fibromatosis.

25 ///
26 ///
27 ///
28 ///

15

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

### (Violation of California Government Code § 12940(a))

### (By PLAINTIFF Against Defendants COSTCO and

### DOES 1 through 50, inclusive)

46.     PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

47.     Defendants COSTCO and DOES 1 through 50, inclusive, and each of them, are and at all relevant times herein were "employers" within the meaning of, and are subject to the FEHA, as employers of five (5) or more employees pursuant to section 12926, subdivision (d).

48.     At all relevant times herein, the FEHA was in full force and effect and was binding upon defendants COSTCO and DOES 1 through 50, inclusive, and each of them.

49.     As such term is used under the FEHA, "on the bases enumerated in this part" means or refers to discrimination on the basis of one or more of the protected characteristics under the FEHA.

50.     California Government Code sections 12926 and 12940, and the accompanying regulations shall "be broadly construed to protect applicants and employees from discrimination due to an actual or perceived physical or mental disability or mental condition that is disabling, potentially disabling or perceived to be disabling or potentially disabling." (2 Cal. Code Regs. § 11064(b).)  The term "disability . . . shall be construed broadly in favor of expansive coverage by the maximum extent permitted by the terms of the [FEHA]."  (*Id.*)

51.     California Government Code section 12940, subdivision (a) prohibits an employer from discriminating against a person with a physical or mental disability and/or perceived disability, whether in compensation or in terms, conditions, or privileges of employment.

16

1      52.    The FEHA defines "disability" to include: (1) "[h]aving a record or

2 history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or

3 health impairment [that constitutes a physical disability], which is known to

4 the employer"; (2) "[b]eing regarded or treated by the employer . . . as having, or

5 having had, any physical condition that makes achievement of a major life activity

6 difficult"; or (3) "[b]eing regarded or treated by the employer . . . as having, or having

7 had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health

8 impairment that has no present disabling effect but may become a physical

9 disability."   (Cal. Gov. Code § 12926(k)(3)–(5).)  Under the "regarded as" theory, an

10 actual or existing disability is not necessary.  (*Gelfo v. Lockheed Martin Corp.* (2006)

11 140 Cal.App.4th 34, 52-53.)

12      53.    From early 2018 to PLAINTIFF's constructive discharge on September

13 10, 2019, PLAINTIFF suffered from a disability relating to her feet, specifically a

14 condition known as plantar fascia fibromatosis, which limited a major life activity,

15 including working.

16      54.    During all relevant times herein, Defendants COSTCO and DOES 1

17 through 50, inclusive, and each of them, were properly put on notice that PLAINTIFF

18 suffered from a physical disability.

19      55.    PLAINTIFF further alleges that she was "regarded" by DEFENDANTS,

20 and each of them, as having had a disease, disorder, condition, or health impairment

21 that had no present disabling effect but may become a physical disability. (Cal. Gov.

22 Code § 12926(m)(5).)

23      56.    PLAINTIFF also alleges that she was "regarded" by DEFENDANTS,

24 and each of them, as having had a mental or psychological disorder or condition that

25 has no present disabling effect, but that may become a mental disability. (Cal. Gov.

26 Code § 12926(j)(5).)

27      57.    As set forth above, at all relevant times herein, PLAINTIFF was a

28 person protected from discrimination on the basis of a "physical disability," "mental

17

1    disability," and "perceived disability" under the FEHA. PLAINTIFF was able to
2    perform the essential job functions, with or without a reasonable accommodation for
3    her disability.

4       58.    Defendants COSTCO and DOES 1 through 50, inclusive, and each of
5    them, subjected PLAINTIFF to disparate treatment because of her actual and/or
6    perceived disability.    PLAINTIFF's actual and/or perceived disability was a
7    substantial motivating factor in DEFENDANTS' decision to take adverse
8    employment actions against PLAINTIFF, including, but not limited to: denying her
9    a timely, good faith, interactive process; denying her a reasonable accommodation;
10    placing PLAINTIFF on the ICEP twice despite the fact that PLAINTIFF's disability
11    could be easily accommodated by providing her with a stool or chair or allowing her
12    to wear regular tennis shoes as requested by her doctors; placing PLAINTIFF on
13    involuntary medical leave three times, knowing that PLAINTIFF wanted to return
14    to work with a reasonable accommodation; intentionally and knowingly failing to
15    respond to PLAINTIFF's e-mails, questions, and concerns regarding reasonable
16    accommodation; forcing PLAINTIFF to wear the Reeboks with composite material,
17    thereby aggravating PLAINTIFF's disability, and making impermissible comments
18    when PLAINTIFF expressed that the Reeboks were hurting her feet; and
19    constructively terminating PLAINTIFF in violation of public policy.

20       59.    Furthermore, as a result of the aforementioned wrongful conduct by
21    defendants COSTCO and DOES 1 through 50, inclusive, PLAINTIFF experienced,
22    and continues to experience, aggravated disability related to her plantar facia
23    fibromatosis.

24       60.    PLAINTIFF is informed and believes, and based thereon alleges,
25    that she was subjected to disparate treatment by defendants COSTCO and
26    DOES 1 through 50, inclusive, and each of them, based on her actual and/or
27    perceived disability.

28       61.    PLAINTIFF is also informed and believes, and based thereon alleges,

18

**COMPLAINT FOR DAMAGES**

1 | that the implementation or enforcement of any applicable policies of defendants
2 | COSTCO and DOES 1 through 50, inclusive, and each of them, disparately impacted
3 | her and others based on their actual and/or perceived disabilities.

4 |     62.    As a direct, foreseeable, and proximate result of the foregoing conduct of
5 | defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged
6 | above, PLAINTIFF suffered and continues to suffer lost income, benefits, and earning
7 | capacity, as well as other economic loss, the precise amount of which will be proven
8 | at trial.

9 |     63.    As a direct, foreseeable, and proximate result of the foregoing conduct of
10 | defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged
11 | above, PLAINTIFF's disability related to her plantar facia fibromatosis worsened,
12 | and PLAINTIFF endured and continues to endure aggravated disability, humiliation,
13 | emotional distress, and pain and suffering, the precise amount of which will be proven
14 | at trial.

15 |     64.    The foregoing conduct of defendants COSTCO and DOES
16 | 1 through 50, inclusive, and each of them, as alleged above, was a substantial factor
17 | in causing the aforementioned harm to PLAINTIFF.

18 |     65.    The foregoing conduct of defendants COSTCO and DOES
19 | 1 through 50, inclusive, individually, or by and through their agents and employees,
20 | was intended by these defendants and/or their officer, director, or managing agent,
21 | and each of them, to cause injury to PLAINTIFF or was despicable conduct carried
22 | on by these defendants and/or their officer, director, or managing agent, and each of
23 | them, with a willful and conscious disregard of PLAINTIFF's rights, such as to
24 | constitute malice, oppression, or fraud under California Civil Code section 3294.
25 | Defendants COSTCO and DOES 1 through 50, inclusive, and/or their officer, director,
26 | or managing agent, and each of them, were fully aware of their obligation to not
27 | discriminate against PLAINTIFF.  Defendants COSTCO and DOES 1 through 50,
28 | inclusive, and/or their officer, director, or managing agent, and each of them, were

19

1   aware and conscious of PLAINTIFF's rights and yet, they chose to ignore and
2   disregard them.  In light of the outrageous and malicious conduct of defendants
3   COSTCO and DOES 1 through 50, inclusive, and/or their officer, director, or
4   managing agent, and each of them, PLAINTIFF seeks an award of punitive damages
5   in an amount appropriate to punish or make an example of defendants COSTCO and
6   DOES 1 through 50, inclusive, and each of them.

7        66.    As a result of the foregoing conduct of defendants COSTCO and DOES
8   1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and
9   continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to, and demands,
10   an award of reasonable attorney's fees and costs pursuant to California Government
11   Code section 12965, subdivision (b).

12        Wherefore, PLAINTIFF prays for judgment as set forth below.

13                          **SECOND CAUSE OF ACTION**
14               **FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH,**
15                          **INTERACTIVE PROCESS**
16               **(Violation of California Government Code § 12940(n))**
17                   **(By PLAINTIFF Against Defendants COSTCO and**
18                       **DOES 1 through 50, inclusive)**

19        67.    PLAINTIFF repeats and re-alleges the allegations set forth above and
20   incorporates the same by reference as though fully set forth herein.

21        68.    At all times relevant hereto, the FEHA was in full force and effect and
22   was binding upon defendants COSTCO and DOES 1 through 50, inclusive, and each
23   of them.

24        69.    The FEHA makes it an unlawful employment practice to fail to engage
25   in a timely, good faith, interactive process with an employee and/or the employee's
26   physician to determine effective reasonable accommodations, if any, in response to a
27   request for reasonable accommodation by an employee with a known physical or
28   mental disability or medical condition.  (Cal. Gov. Code § 12940(n).)

                                   20

1    70.    Moreover, an employer "has an affirmative duty to make reasonable

2  accommodation(s) for the disability of any individual applicant or employee if the

3  employer . . . knows of the disability, unless the employer . . . can demonstrate, *after*

4  *engaging in the interactive process*, that the accommodation would impose an

5  undue hardship." (Cal. Code Regs., tit. 2, § 11068(a) [emphasis added].)

6    71.    Furthermore, if there is a need to "identify or implement an effective,

7  reasonable accommodation for an employee or applicant with a disability, the FEHA

8  requires *a timely, good faith, interactive process* between an employer or other

9  covered entity and an applicant, employee, or the individual's representative, with a

10  known physical or mental disability or medical condition." (Cal. Code Regs., tit. 2, §

11  11069(a)[emphasis added].)  During such an interactive process, both the employer

12  and the employee, or his or her representative, must exchange "essential information

13  identified" in Title 2, section 11069 of the California Code of Regulations, "*without*

14  *delay or obstruction of the process*." (*Id.* [emphasis added].)

15    72.    An employer is required to initiate an interactive process when:

16        (1) an applicant or employee with a known physical or
     mental disability or medical condition requests reasonable
17        accommodations;

18        (2) the employer . . . becomes aware of the need for an
     accommodation through a third party or by observation; or
19

20        (3) the employer . . . becomes aware of the possible need for
     an accommodation because the employee with a disability
     has exhausted leave under the California Worker's
21        Compensation Act, for the employee's own serious health
     condition under the CFRA and/or the [Family Medical
22        Leave Act] . . . and yet the employee or the employee's
     health care provider indicates that further accommodation
23        is still necessary for recuperative leave or other
     accommodation for the employee to perform the essential
24        functions of the job.

25  (Cal. Code Regs, tit. 2, § 11069(b).)

26    73.    An employer is required to follow the procedures outlined in Title 2,

27  sections 11069, subdivisions (c)(1) through (c)(9) of the California Code of Regulations

28  when engaging in the interactive process and assessing whether an employee may be

21

1   accommodated through an alternate position or any other potential accommodations.

2       74.     From early 2018 to PLAINTIFF's constructive discharge on September

3   10, 2019, PLAINTIFF suffered from a disability relating to her feet, specifically a

4   condition known as plantar fascia fibromatosis, which limited a major life activity,

5   including working.

6       75.     PLAINTIFF is informed and believes and based thereon alleges that she

7   was able to perform the essential job functions with or without a reasonable

8   accommodation for her disability.

9       76.     At all relevant times herein, defendants COSTCO and DOES

10  1 through 50, inclusive, and each of them were properly put on notice of, and had

11  actual knowledge of, PLAINTIFF's disability no later than early 2018.  Nevertheless,

12  defendants COSTCO and DOES 1 through 50, inclusive, and each of them failed to

13  engage in a timely, good faith, interactive process with PLAINTIFF to determine

14  whether PLAINTIFF required a reasonable accommodation to perform her job duties.

15  Instead, DEFENDANTS first placed PLAINTIFF on the ICEP all in order to exhaust

16  the 12 weeks of modified duty provided for by California's workers' compensation law

17  and then placed PLAINTIFF on involuntary medical leave, stating that COSTCO

18  could not accommodate PLAINTIFF's work restrictions.  DEFENDANTS' decision to

19  deny reasonable accommodation to PLAINTIFF was made without first engaging in

20  a timely, good faith, interactive process.  From the first time PLAINTIFF complained

21  of the pain in her feet in or around October 2017 until she was constructively

22  discharged on September 10, 2019, PLAINTIFF was never given a good faith,

23  interactive meeting to determine an accommodation that would be reasonable to both

24  PLAINTIFF and DEFENDANTS.

25      77.     Furthermore, as a result of the aforementioned wrongful conduct by

26  defendants COSTCO and DOES 1 through 50, inclusive, PLAINTIFF experienced,

27  and continues to experience, aggravated disability related to her plantar facia

28  fibromatosis.

**COMPLAINT FOR DAMAGES**

78.     As articulated more fully above, among other egregious violations of the law, defendants COSTCO and DOES 1 through 50, inclusive, and each of them, failed and refused to meaningfully discuss any reasonable accommodation with PLAINTIFF and wrongfully placed PLAINTFF on involuntary medical leave three times—in July 2018, in July 2019, and in August 2019, when other types of reasonable accommodation were available to allow PLAINTIFF to return to work. Although DEFENDANTS allowed PLAINTIFF to return to work only after DEFENDANTS learned that PLAINTIFF hired attorneys, DEFENDANTS still failed to engage in a timely, good faith, interactive process and never discussed with PLAINTIFF how her disability would be accommodated once she returned to work. PLAINTIFF sent several e-mails to Mr. Bell regarding her concerns, but DEFENDANTS failed to address most of them.

79.     From approximately October 2018 until PLAINTIFF was constructively discharged on September 10, 2019, defendants COSTCO and DOES 1 through 50, inclusive, and each of them, received ample notice of PLAINTIFF's disability and need for a reasonable accommodation.  PLAINTIFF is informed and believes and based thereon alleges that defendants COSTCO and DOES 1 through 50, inclusive, and each of them, intentionally created or knowingly permitted intolerable working conditions, by placing PLAINTIFF on the ICEP twice when other types of reasonable accommodation were available and forcing her to transfer to a thrift store; placing PLAINTIFF on involuntary medical leave three times when other types of reasonable accommodation were available; among other adverse employment actions as alleged herein, because she suffered from an actual or perceived disability and requested a reasonable accommodation.

80.     As a direct, foreseeable, and proximate result of the foregoing conduct of defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF suffered and continues suffer lost income, benefits, and earning potential, as well as other economic loss, the precise amount of which will be proven

23

1   at trial.

2        81.    As a direct, foreseeable, and proximate result of the foregoing conduct of

3   defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged

4   above, PLAINTIFF's disability related to her plantar facia fibromatosis worsened,

5   and PLAINTIFF endured and continues to endure aggravated disability, humiliation,

6   emotional distress, and pain and suffering, the precise amount of which will be proven

7   at trial.

8        82.    The    foregoing    conduct    of    defendants    COSTCO    and    DOES

9   1 through 50, inclusive, and each of them, was a substantial factor in causing the

10   aforementioned harm to PLAINTIFF.

11       83.    The    foregoing    conduct    of    defendants    COSTCO    and    DOES

12   1 through 50, inclusive, individually, or by and through their agents and employees,

13   was intended by these defendants and/or their officer, director, or managing agent,

14   and each of them, to cause injury to PLAINTIFF or was despicable conduct carried

15   on by these defendants and/or their officer, director, or managing agent, and each of

16   them, with a willful and conscious disregard of PLAINTIFF's rights, such as to

17   constitute malice, oppression, or fraud under California Civil Code section 3294.

18   Defendants COSTCO and DOES 1 through 50, inclusive, and/or their officer, director,

19   or managing agent, and each of them, were fully aware of their obligation to not

20   discriminate or retaliate against PLAINTIFF.  Defendants COSTCO and DOES 1

21   through 50, inclusive, and/or their officer, director, or managing agent, and each of

22   them, were aware and conscious of PLAINTIFF's rights and yet, they chose to ignore

23   and disregard them.  In light of the outrageous and malicious conduct of defendants

24   COSTCO and DOES 1 through 50, inclusive, and each of them, and/or their officer,

25   director, or managing agent, PLAINTIFF seeks an award of punitive damages in an

26   amount appropriate to punish or make an example of defendants COSTCO and DOES

27   1 through 50, inclusive, and each of them.

28       84.    As a result of the foregoing conduct of defendants COSTCO and DOES

24

1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to, and demands, an award of reasonable attorney's fees and costs pursuant to California Government Code section 12965(b).

Wherefore, PLAINTIFF prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATION

### (Violation of California Government Code § 12940(m))

### (By PLAINTIFF Against Defendants COSTCO and

### DOES 1 through 50, inclusive)

85.    PLAINTIFF repeats and re-alleges the allegations set forth above and incorporates the same by reference as though fully set forth herein.

86.    At all times relevant hereto, the FEHA, in particular California Government Code sections 12940 and 12926, was in full force and effect and was binding upon defendants COSTCO and DOES 1 through 50, inclusive, and each of them.

87.    California Government Code section 12940(m) provides that it is an unlawful employment practice "[f]or an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

88.    California Government Code section 12926(p) provides that reasonable accommodation may include either of the following:  (1) making existing facilities used by employees readily accessible to, and usable by, individuals with disabilities; or (2) job restricting, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devises, adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

89.    An employer "is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention" by an

25

1   employee, unless they pose an undue hardship. (Cal. Code Regs., tit. 2, § 11068(e).)

2       90.    The employer "shall consider the preference of the applicant or employee

3   to be accommodated, but has the right to select and implement an accommodation

4   that is effective for both the employee and the employer or other covered entity." (*Id.*)

5       91.    Unless the employer proves an undue hardship, "[a]n individual with a

6   record of a disability may be entitled . . . to a reasonable accommodation if needed

7   and related to the residual effects of the disability," including approving "a leave or a

8   schedule change to permit him or her to attend follow-up or monitoring appointments

9   with a health care provider." (Cal. Code Regs., tit. 2, § 11068(g).)

10       92.    Moreover, "[w]hen an employee can work with a reasonable

11   accommodation other than a leave of absence, an employer may not require that the

12   employee take a leave of absence." (Cal. Code Regs., tit. 2, § 11068(c).)

13       93.    From early 2018 to PLAINTIFF's constructive discharge on September

14   10, 2019, PLAINTIFF suffered from a disability relating to her feet, specifically a

15   condition known as plantar fascia fibromatosis, which limited a major life activity,

16   including working.

17       94.    PLAINTIFF is informed and believes and based thereon alleges that she

18   was able to perform the essential job functions with or without reasonable

19   accommodation for her disability.

20       95.    As set forth above, defendants COSTCO and DOES 1 through 50,

21   inclusive, and each of them, failed to provide, and did not even consider, a reasonable

22   accommodation for PLAINTIFF's disability, including, but not limited to, providing

23   PLAINTIFF with a stool or chair to allow her to continue working as a Depot Returns

24   Clerk, or allowing PLAINTIFF to wear the shoes requested by her physician.

25   PLAINTIFF is informed and believes and based thereon alleges that instead of

26   performing their obligations under the FEHA, defendants COSTCO and DOES 1

27   through 50, inclusive, and each of them, chose to place PLAINTIFF on the ICEP twice

28   and on involuntary medical leave three times from April 2018 to August 2019 when

1   other types of reasonable accommodation were available, because, among other
2   reasons, PLAINTIFF suffered from a disability and required a reasonable
3   accommodation.

4   96.   Furthermore, as a result of the aforementioned wrongful conduct by
5   defendants COSTCO and DOES 1 through 50, inclusive, PLAINTIFF experienced,
6   and continues to experience, aggravated disability related to her plantar facia
7   fibromatosis.

8   97.   As a direct, foreseeable, and proximate result of the foregoing conduct of
9   defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged
10   above, PLAINTIFF has suffered and continues to suffer lost income, benefits, and
11   earning capacity, as well as other economic loss, the precise amount of which will be
12   proven at trial.

13   98.   As a direct, foreseeable, and proximate result of the foregoing conduct of
14   defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged
15   above, PLAINTIFF's disability related to her plantar facia fibromatosis worsened,
16   and PLAINTIFF endured and continues to endure aggravated disability, humiliation,
17   emotional distress, and pain and suffering, the precise amount of which will be proven
18   at trial.

19   99.   The foregoing conduct of defendants COSTCO and DOES
20   1 through 50, inclusive, and each of them, was a substantial factor in causing the
21   aforementioned harm to PLAINTIFF.

22   100.   The foregoing conduct of defendants COSTCO and DOES
23   1 through 50, inclusive, individually, or by and through their agents and employees,
24   was intended by these defendants and/or their officer, director, or managing agent,
25   and each of them, to cause injury to PLAINTIFF or was despicable conduct carried
26   on by these defendants and each of them, and/or their officer, director, or managing
27   agent with a willful and conscious disregard of PLAINTIFF's rights, such as to
28   constitute malice, oppression, or fraud under California Civil Code section 3294.

27

1   Defendants COSTCO and DOES 1 through 50, inclusive, and/or their officer, director,
2   or managing agent, and each of them, were fully aware of their obligation to not
3   discriminate or retaliate against PLAINTIFF.  Defendants COSTCO and DOES 1
4   through 50, inclusive, and/or their officer, director, or managing agent, and each of
5   them, were aware and conscious of PLAINTIFF's rights and yet, they chose to ignore
6   and disregard them.  In light of the outrageous and malicious conduct of defendants
7   COSTCO and DOES 1 through 50, inclusive, and each of them, and/or their officer,
8   director, or managing agent, PLAINTIFF seeks an award of punitive damages in an
9   amount appropriate to punish or make an example of defendants COSTCO and DOES
10  1 through 50, inclusive, and each of them.

11      101.   As a result of the foregoing conduct of defendants COSTCO and DOES
12  1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and
13  continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to, and demands,
14  an award of reasonable attorney's fees and costs pursuant to California Government
15  Code section 12965(b).

16      Wherefore, PLAINTIFF prays for judgment as set forth below.

17  ## FOURTH CAUSE OF ACTION

18  ### INTERFERENCE WITH THE RIGHTS UNDER THE CFRA

19  ### (Violation of California Government Code § 12945.2)

20  ### (By PLAINTIFF Against Defendants COSTCO and

21  ### DOES 1 through 50, inclusive)

22      102.   PLAINTIFF repeats and re-alleges the allegations set forth above and
23  incorporates the same by reference as though fully set forth herein.

24      103.   Defendants COSTCO and DOES 1 through 50, inclusive, and each of
25  them, are, and were at all relevant times, "employers" within the meaning of, and are
26  subject to the CFRA, as employers of 50 or more employees within 75 miles of the
27  worksite where PLAINTIFF was employed.  (Cal. Gov. Code § 12945.2, subd. (b) &
28  (c)(2)(A).)

**COMPLAINT FOR DAMAGES**

1   104.   At all times material herein, the CFRA was in full force and effect and

2   was binding upon defendants COSTCO and DOES 1 through 50, inclusive, and each

3   of them.

4   105.   The CFRA prohibits covered employers from refusing to grant a request

5   by any employee with more than 12 months of service with the employer, and who

6   has at least 1,250 hours of service with the employer during the previous 12-month

7   period, to take up to a total of 12 workweeks in any 12-month period for family care

8   and medical leave (hereinafter referred to as "CFRA leave"). CFRA leave shall not

9   be deemed to have been granted unless the employer provides the employee, upon

10  granting the leave request, a guarantee of employment in the same or a comparable

11  position upon the termination of the leave.

12  106.   The CFRA also prohibits a covered employer from interfering with the

13  rights guaranteed by the statute, including discontinuing health benefits under a

14  group plan during the leave.

15  107.   As set forth above, during all material times alleged herein, PLAINTIFF

16  qualified for, and was forced to take and took, a CFRA qualifying leave from

17  approximately July 2018 to approximately June 2019, in July 2019, and again in

18  August 2019, due to DEFENDANTS' failure to reasonably accommodate

19  PLAINTIFF's disability. PLAINTIFF provided written notice to make defendants

20  COSTCO and DOES 1 through 50, inclusive, and their agents and employees, and

21  each of them, aware that PLAINTIFF was able to return to work with a reasonable

22  accommodation as early as April 22, 2018. Nevertheless, DEFENDANTS placed

23  PLAINTIFF on involuntary medical leave and failed to allow her to return to her

24  original position or a comparable position in violation of the CFRA. Moreover, in or

25  around January 2019, DEFENDANTS terminated PLAINTIFF's health benefits

26  under a group plan in violation of the CFRA. PLAINTIFF was forced to transfer to a

27  thrift store in late August 2019, which was neither PLAINTIFF's original position or

28  a comparable position; and was constructively discharged on September 10, 2019.

29

1      108.   PLAINTIFF is informed and believes and based thereon alleges that

2  defendants COSTCO and DOES 1 through 50, inclusive, and each of them, placed

3  PLAINTIFF on involuntary medical leave, terminated her health benefits under a

4  group health plan while on that leave, and failed to guarantee employment in the

5  same or a comparable position upon the termination of the leave in violation of the

6  CFRA.

7      109.   In taking these adverse employment actions against PLAINTIFF,

8  defendants COSTCO and DOES 1 through 50, inclusive, and each of them, engaged

9  in an unlawful employment practice in violation of the CFRA and California Code of

10  Regulations section 11094.

11      110.   As a direct, foreseeable, and proximate result of DEFENDANTS'

12  conduct, as alleged above, PLAINTIFF suffered and continues to suffer lost income,

13  benefits, earning capacity, as well as other economic loss, the precise amount of which

14  will be proven at trial.

15      111.   As a direct, foreseeable, and proximate result of the foregoing conduct,

16  of defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as

17  alleged above, PLAINTIFF endured and continues to endure humiliation, emotional

18  distress, and pain and suffering, the precise amount of which will be proven at trial.

19      112.   The   foregoing   conduct   of   defendants   COSTCO   and   DOES

20  1 through 50, inclusive, and each of them, was a substantial factor in causing the

21  aforementioned harm.

22      113.   The   foregoing   conduct   of   defendants   COSTCO   and   DOES

23  1 through 50, inclusive, individually, or by and through their agents and employees,

24  and each of them, was intended by said defendants and/or their officer, director, or

25  managing agent, and each of them, to cause injury to PLAINTIFF or was despicable

26  conduct carried on by said defendants and/or their officer, director, or managing

27  agent, and each of them, with a willful and conscious disregard of PLAINTIFF's

28  rights, such as to constitute malice, oppression, or fraud under California Civil Code

30

**COMPLAINT FOR DAMAGES**

1  section 3294.  Defendants COSTCO and DOES 1 through 50, inclusive, and/or their

2  officer, director, or managing agent were fully aware of their obligation to not

3  discriminate or retaliate against PLAINTIFF.  Defendants COSTCO and DOES 1

4  through 50, inclusive, and/or their officer, director, or managing agent, and each of

5  them, were aware and conscious of PLAINTIFF's rights and yet, they chose to ignore

6  and disregard them.  In light of the outrageous and malicious conduct of defendants

7  COSTCO and DOES 1 through 50, inclusive, and/or their officer, director, or

8  managing agent, and each of them, PLAINTIFF seeks an award of punitive damages

9  in an amount appropriate to punish or make an example of said defendants and each

10  of them.

11      114.   As a result of the foregoing conduct of defendants COSTCO and DOES

12  1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and

13  continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to, and demands,

14  an award of reasonable attorney's fees and costs pursuant to California Government

15  Code section 12965(b).

16      Wherefore, PLAINTIFF prays for judgment as set forth below.

17                    **FIFTH CAUSE OF ACTION**

18      **RETALIATION FOR EXERCISING THE RIGHTS UNDER THE FEHA**

19            **(Violation of California Government Code § 12940(h))**

20                **(By PLAINTIFF Against Defendants COSTCO and**

21                      **DOES 1 through 50, inclusive)**

22      115.   PLAINTIFF repeats and re-alleges the allegations set forth above and

23  incorporates the same by reference as though fully set forth herein.

24      116.   At all times relevant hereto, the FEHA, including in particular

25  California Government Code section 12940(h), was in full force and effect and

26  was binding upon defendants COSTCO and DOES 1 through 50, inclusive, and

27  each of them.

28      117.   California Government Code section 12940(h) prohibits covered

31

**COMPLAINT FOR DAMAGES**

1  employers and/or persons from retaliating against employees for exercising any
2  rights under the FEHA.

3      118.   Furthermore, Title 2, section 11068(g) of the California Code of
4  Regulations provides that when an employee requires "time away from the job
5  for treatment or recovery," granting a FMLA/CFRA qualifying leave could be a
6  reasonable accommodation to the extent "that the leave is likely to be effective
7  in allowing the employee to return to work at the end of the leave, with or without
8  further reasonable accommodation, and does not create an undue hardship for
9  the employer."

10     119.   During all material times alleged herein, PLAINTIFF exercised her
11  rights under the FEHA and engaged in legally protected activity by requesting a
12  reasonable accommodation for her disability. Instead of performing their obligations
13  under the FEHA by engaging in a timely, good faith, interactive process,
14  DEFENDANTS retaliated against PLAINTIFF. Such retaliatory conduct included,
15  but was not limited to, placing PLAINTIFF on the ICEP instead of providing her with
16  a chair or stool to allow her to continue working as a Depot Returns Clerk; placing
17  PLAINTIFF on involuntary medical leave three times—from July 2018 to June 2019,
18  in July 2019, and again in August 2019, when other types of reasonable
19  accommodation were available to allow PLAINTIFF to return to work; offering
20  PLAINTIFF a different job position as a Depot Payroll Clerk in bad faith; failing to
21  address PLAINTIFF's questions and concerns regarding reasonable accommodation
22  for her disability; terminating PLAINTIFF's health benefits, knowing that she was
23  on a FMLA/CFRA qualifying leave; making impermissible comments when
24  PLAINTIFF complained of the pain and discomfort from having to wear the Reeboks;
25  failing to return PLAINTIFF to her original position or a comparable position at the
26  end of each FMLA/CFRA qualifying leave; placing PLAINTIFF again on the ICEP
27  instead of allowing her to wear shoes requested by her physician; and subjecting
28  PLAINTIFF to the foregoing working conditions that violated public policy.

32

PLAINTIFF is informed and believes and based thereon alleges that her exercise of the rights under the FEHA was a substantial motivating reason for DEFENDANTS' retaliation against PLAINTIFF.

120.   Furthermore, as a result of the aforementioned wrongful conduct by defendants COSTCO and DOES 1 through 50, inclusive, PLAINTIFF experienced, and continues to experience, aggravated disability related to her plantar facia fibromatosis.

121.   As a direct, foreseeable, and proximate result of the foregoing conduct of DEFENDANTS, and each of them, as alleged above, PLAINTIFF suffered and continues to suffer lost income, benefits, as well as other economic loss, the precise amount of which will be proven at trial.

122.   As a direct, foreseeable, and proximate result of the foregoing conduct of defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF's disability related to her plantar facia fibromatosis worsened, and PLAINTIFF endured and continues to endure aggravated disability, humiliation, emotional distress, tarnished reputation, and pain and suffering, the precise amount of which will be proven at trial.

123.   The foregoing conduct of defendants COSTCO and DOES 1 through 50, inclusive, and each of them, was a substantial factor in causing the aforementioned harm to PLAINTIFF.

124.   The foregoing conduct of defendants COSTCO and DOES 1 through 50, inclusive, individually, or by and through their agents and employees, was intended by said defendants and/or their officer, director, or managing agent, and each of them, to cause injury to PLAINTIFF or was despicable conduct carried on by said defendants and/or their officer, director, or managing agent with a willful and conscious disregard of PLAINTIFF's rights, such as to constitute malice, oppression, or fraud under California Civil Code section 3294. Defendants COSTCO and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent,

33

1  and each of them, were fully aware of their obligation to not discriminate or retaliate
2  against PLAINTIFF. Defendants COSTCO and DOES 1 through 50, inclusive, and/or
3  their officer, director, or managing agent, and each of them, were aware and conscious
4  of PLAINTIFF's rights and yet, they chose to ignore and disregard them.  In light of
5  the outrageous and malicious conduct of defendants COSTCO and DOES 1 through
6  50, inclusive, and/or their officer, director, or managing agent, and each of them,
7  PLAINTIFF seeks an award of punitive damages in an amount appropriate to punish
8  or make an example of said defendants.

9      125.   As a result of the foregoing conduct of defendants COSTCO and DOES
10  1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and
11  continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to, and demands,
12  an award of reasonable attorney's fees and costs pursuant to California Government
13  Code section 12965(b).

14      Wherefore, PLAINTIFF prays for judgment as set forth below.

15  ### SIXTH CAUSE OF ACTION

16  **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

17  **(Violation of California Government Code § 12940(k))**

18  **(By PLAINTIFF Against Defendants COSTCO and**

19  **DOES 1 through 50, inclusive)**

20      126.   PLAINTIFF repeats and re-alleges the allegations set forth above and
21  incorporates the same by reference as though fully set forth herein.

22      127.   At all relevant times, the FEHA, including in particular California
23  Government Code section 12940(k), was in full force and effect and was binding upon
24  defendants COSTCO and DOES 1 through 50, inclusive, and each of them.
25  This subdivision imposes a duty on employers to take all reasonable steps necessary
26  to prevent discrimination and retaliation from occurring, including the institution by
27  employer of policies, procedures and practices that include prompt and effective
28  remedial  procedures,  and  appropriate  training,  monitoring  and  disciplinary

34

1    measures. As alleged above, defendants COSTCO and DOES 1 through 50, inclusive,
2    and each of them, violated this subdivision and breached their duty by failing to take
3    all reasonable steps necessary to prevent discrimination or retaliation from occurring.

4         128.   Defendants COSTCO and DOES 1 through 50, inclusive, and each of
5    them intentionally and willfully discriminated and retaliated against PLAINTIFF on
6    the basis of her actual and/or perceived disability, her exercise of the rights under the
7    FEHA with respect to her disability, or any combination of these protected
8    characteristics.   The policies, procedures, and practices of said defendants were
9    inadequate for preventing, monitoring, and remedying discrimination or retaliation.
10   To the extent that any such policies, procedures and practices existed, employees,
11   including supervisors and agents, were insufficiently trained or made aware of those
12   policies and procedures for the policies and procedures to prevent discrimination or
13   retaliation from occurring.   Once said defendants, and each of them, were made
14   aware of discriminatory and retaliatory conduct by a supervisor, agent, or employee,
15   they failed to take measures to prevent unlawful discrimination and retaliation
16   against PLAINTIFF.

17        129.   Furthermore, as a result of the aforementioned wrongful conduct by
18   defendants COSTCO and DOES 1 through 50, inclusive, PLAINTIFF experienced,
19   and continues to experience, aggravated disability related to her plantar facia
20   fibromatosis.

21        130.   As a direct, foreseeable, and proximate result of the foregoing conduct of
22   defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged
23   above, PLAINTIFF suffered and continues to suffer lost income, benefits, and earning
24   capacity, as well as other economic loss, the precise amount of which will be proven
25   at trial.

26        131.   As a direct, foreseeable, and proximate result of the foregoing conduct of
27   defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged
28   above, PLAINTIFF's disability related to her plantar facia fibromatosis worsened,

**COMPLAINT FOR DAMAGES**

1   and PLAINTIFF endured and continues to endure humiliation, emotional distress,

2   and pain and suffering, the precise amount of which will be proven at trial.

3       132.   The   foregoing   conduct   of   defendants   COSTCO   and   DOES

4   1 through 50, inclusive, was a substantial factor in causing the aforementioned harm

5   to PLAINTIFF.

6       133.   The   foregoing   conduct   of   Defendants   COSTCO   and   DOES

7   1 through 50, inclusive, individually, or by and through their agents and employees,

8   was intended by said defendants and/or their officer, director, or managing agent,

9   and each of them, to cause injury to PLAINTIFF or was despicable conduct carried

10  on by said defendants and/or their officer, director, or managing agent, and each of

11  them, with a willful and conscious disregard of PLAINTIFF's rights, such as to

12  constitute malice, oppression, or fraud under California Civil Code section 3294.

13  Defendants COSTCO and DOES 1 through 50, inclusive, and/or their officer, director,

14  or managing agent, and each of them, were fully aware of their obligation to not

15  discriminate or retaliate against PLAINTIFF.  Defendants COSTCO and DOES 1

16  through 50, inclusive, and/or their officer, director, or managing agent, and each of

17  them, were aware and conscious of PLAINTIFF's rights and yet, they chose to ignore

18  and disregard them.  In light of the outrageous and malicious conduct of defendants

19  COSTCO and DOES 1 through 50, inclusive, and/or their officer, director, or

20  managing agent, and each of them, PLAINTIFF seeks an award of punitive damages

21  in an amount appropriate to punish or make an example of said defendants and each

22  of them.

23      134.   As a result of the foregoing conduct of defendants COSTCO and DOES

24  1 through 50, inclusive, as alleged above, PLAINTIFF incurred and continues to incur

25  attorneys' fees and costs.  PLAINTIFF is entitled to, and demands, an award of

26  reasonable attorneys' fees and costs pursuant to California Government Code section

27  12965(b).

28      Wherefore, PLAINTIFF prays for judgment as set forth below.

36

**COMPLAINT FOR DAMAGES**

1                                                **SEVENTH CAUSE OF ACTION**

2                                  **TORTIOUS CONTRUCTIVE DISCHARGE**

3                                 **IN VIOLATION OF PUBLIC POLICY**

4                          **(By PLAINTIFF Against Defendants COSTCO and**

5                                 **DOES 1 through 50, inclusive)**

6       135.   PLAINTIFF repeats and re-alleges the allegations set forth above and

7  incorporates the same by reference as though fully set forth herein.

8       136.   During her employment with defendants COSTCO and DOES

9  1 through 50, inclusive, and each of them, PLAINTIFF engaged in legally protected

10  activities, including, but not limited to, requesting a reasonable accommodation for

11  her disability.

12       137.   PLAINTIFF is informed and believes and based thereon alleges that

13  defendants COSTCO and DOES 1 through 50, inclusive, and each of them, subjected

14  PLAINTIFF to working conditions that violated public policy, which included, but

15  were not limited to, placing PLAINTIFF on the ICEP instead of providing her with a

16  chair or stool to allow her to continue working as a Depot Returns Clerk; placing

17  PLAINTIFF on involuntary medical leave three times—from July 2018 to June 2019,

18  in July 2019, and again in August 2019, when other types of reasonable

19  accommodation were available to allow PLAINTIFF to return to work; offering

20  PLAINTIFF a different job position as a Depot Payroll Clerk in bad faith; failing to

21  address PLAINTIFF's questions and concerns regarding reasonable accommodation

22  for her disability; terminating PLAINTIFF's health benefits, knowing that she was

23  on a FMLA/CFRA qualifying leave; making impermissible comments when

24  PLAINTIFF complained of the pain and discomfort from having to wear the Reeboks;

25  failing to return PLAINTIFF to her original position or a comparable position at the

26  end of each FMLA/CFRA qualifying leave; placing PLAINTIFF again on the ICEP

27  instead of allowing her to wear shoes requested by her physician; repeatedly ignoring

28  the work restrictions prescribed by PLAINTIFF's physician; and repeatedly violating

1   PLAINTIFF's rights under the FEHA.   Accordingly, DEFENDANTS' knowing and

2   intentional actions left PLAINTIFF with no reasonable alternative than being forced

3   to resign from her job with DEFENDANTS on September 10, 2019.

4        138.   PLAINTIFF is informed and believes and based thereon alleges that

5   COSTCO and DOES 1 through 50, inclusive, and each of them, intentionally

6   created or knowingly permitted the foregoing working conditions that were so

7   intolerable and aggravated at the time of PLAINTIFF's resignation that a

8   reasonable employer would realize that a reasonable person in the employee's

9   position would be compelled to resign.

10        139.   The foregoing acts by DEFENDANTS violate public policies of the State

11   of California and the United States of America, including, but not limited to, the

12   public policies against discriminating or retaliating against an employee on the basis

13   of characteristics protected under the FEHA, such as disability or exercise of any of

14   the rights under the FEHA.

15        140.   As a direct, foreseeable, and proximate result of the foregoing conduct of

16   defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged

17   above, PLAINTIFF suffered and continues to suffer lost income, benefits, and earning

18   capacity, as well as other economic loss, the precise amount of which will be proven

19   at trial.

20        141.   As a direct, foreseeable, and proximate result the foregoing conduct of

21   defendants COSTCO and DOES 1 through 50, inclusive, and each of them, as alleged

22   above, PLAINTIFF endured and continues to endure emotional distress, and pain

23   and suffering, the precise amount of which will be proven at trial.

24        142.   The   foregoing   conduct   of   defendants   COSTCO   and   DOES

25   1 through 50, inclusive, and each of them, was a substantial factor in causing the

26   aforementioned harm.

27        143.   The   foregoing   conduct   of   Defendants   COSTCO   and   DOES

28   1 through 50, inclusive, individually, or by and through their agents and employees,

**COMPLAINT FOR DAMAGES**

1  and each of them, was intended by said defendants and/or their officer, director, or
2  managing agent, and each of them, to cause injury to PLAINTIFF or was despicable
3  conduct carried on by said defendants and/or their officer, director, or managing
4  agent, and each of them, with a willful and conscious disregard of PLAINTIFF's
5  rights, such as to constitute malice, oppression, or fraud under California Civil Code
6  section 3294. Defendants COSTCO and DOES 1 through 50, inclusive, and/or their
7  officer, director, or managing agent, and each of them, were fully aware of their
8  obligation to not discriminate or retaliate against PLAINTIFF. Defendants COSTCO
9  and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent,
10 and each of them, were aware and conscious of PLAINTIFF's rights and yet, they
11 chose to ignore and disregard them. In light of the outrageous and malicious conduct
12 of defendants COSTCO and DOES 1 through 50, inclusive, and/or their officer,
13 director, or managing agent, and each of them, PLAINTIFF seeks an award of
14 punitive damages in an amount appropriate to punish or make an example of
15 defendants COSTCO and DOES 1 through 50, inclusive, and each of them.

16     144.   As a result of the foregoing conduct of defendants COSTCO and DOES
17 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and
18 continues to incur attorneys' fees and costs. PLAINTIFF is entitled to, and demands,
19 an award of reasonable attorneys' fees pursuant to California Code of Civil Procedure
20 section 1021.5.

21     Wherefore, PLAINTIFF prays for judgment as set forth below.

22                     **EIGHTH CAUSE OF ACTION**
23                     **DECLARATORY RELIEF**
24             **(By PLAINTIFF Against Defendants COSTCO and**
25                 **DOES 1 through 50, inclusive)**

26     145.   PLAINTIFF repeats and re-alleges the allegations set forth above and
27 incorporates the same by reference as though fully set forth herein.

28

39

**COMPLAINT FOR DAMAGES**

1   146.   California Government Code section 12920 sets forth the public policy

2   of the State of California as follows:

> It is hereby declared as the public policy of this state that
> it is necessary to protect and safeguard the right and
> opportunity of all persons to seek, obtain, and hold
> employment without discrimination or abridgment on
> account of race, religious creed, color, national origin,
> ancestry, physical disability, mental disability, medical
> condition, genetic information, marital status, sex,
> gender, gender identity, gender expression, age, or sexual
> orientation.

> It is recognized that the practice of denying employment
> opportunity and discriminating in the terms of
> employment for these reasons foments domestic strife and
> unrest, deprives the state of the fullest utilization of its
> capacities for development and advancement, and
> substantially and adversely affects the interests of
> employees, employers, and the public in general.

> Further, the practice of discrimination because of race,
> color, religion, sex, gender, gender identity, gender
> expression, sexual orientation, marital status, national
> origin, ancestry, familial status, source of income,
> disability, or genetic information in housing
> accommodations is declared to be against public policy.

> It is the purpose of this part to provide effective remedies
> that will eliminate these discriminatory practices.

> This part shall be deemed an exercise of the police power
> of the state for the protection of the welfare, health, and
> peace of the people of this state.

147.   California Government Code section 12920.5 embodies the intent of the

California legislature and states:

> In order to eliminate discrimination, it is necessary to
> provide effective remedies that will both prevent and deter
> unlawful employment practices and redress the
> adverse effects of those practices on aggrieved persons. To
> that end, this part shall be deemed an exercise of the
> Legislature's authority pursuant to Section 1 of Article XIV
> of the California Constitution.

148.   Finally, California Government Code section 12921(a) states in

pertinent part:

> The opportunity to seek, obtain, and hold employment
> without discrimination because of race, religious creed,
> color, national origin,       40  ancestry,       physical

disability, mental disability, medical condition, genetic information,                                                      marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

149.   An actual controversy has arisen and now exists between Defendants COSTCO and DOES 1 through 50, inclusive, and each of them, concerning their respective rights and duties as it is believed that defendants COSTCO and DOES 1 through 50, inclusive, and each of them, may allege that they did not discriminate or retaliate against PLAINTIFF; that PLAINTIFF was not subjected to adverse employment actions alleged herein as a result of her perceived and/or actual disability, or exercise of the rights under the FEHA, and/or combination of these protected characteristics; and that said defendants did not violate PLAINTIFF's civil rights.   PLAINTIFF contends that defendants COSTCO and DOES 1 through 50, inclusive, and each of them, did discriminate and retaliate against PLAINTIFF on the basis of her perceived and/or actual disability, and exercise the rights under the FEHA, or combination of these protected characteristics; and that said defendants, and each of them violated PLAINTIFF's civil rights.   PLAINTIFF is informed and believes, and on that basis alleges, that defendants COSTCO and DOES 1 through 50, inclusive, and each of them, will dispute PLAINTIFF's contentions.

150.   Pursuant to California Code of Civil Procedure section 1060, PLAINTIFF desires a judicial determination of her rights and duties, and a declaration that defendants COSTCO and DOES 1 through 50, inclusive, and each of them, discriminated and retaliated against PLAINTIFF on the basis of her perceived and/or actual disability, and exercise the rights under the FEHA, or combination of these protected characteristics; and violated PLAINTIFF's civil rights.

151.   A judicial declaration is necessary and appropriate at this time under the circumstances in order that PLAINTIFF, for herself and on behalf of employees and persons in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of defendants COSTCO and DOES 1 through 50, inclusive, and          41     each of them, and to condemn such

1  discriminatory employment and business policies or practices prospectively. (*Harris*
2  *v. City of Santa Monica* (2013) 56 Cal.4th 203.)

3      152.   A judicial declaration is necessary and appropriate at this time such that
4  defendants COSTCO and DOES 1 through 50, inclusive, and each of them, may also
5  be aware of their obligations under the law to not engage in discriminatory practices
6  and to not violate the law in the future.

7      153.   California Government Code section 12965(b) provides that an
8  aggrieved party, such as PLAINTIFF herein, may be awarded reasonable attorneys'
9  fees and costs: "In civil actions brought under this section, the court, in its discretion,
10 may award to the prevailing party, including the department, reasonable attorney's
11 fees and costs, including expert witness fees." Such fees and costs expended by an
12 aggrieved party may be awarded for the purpose of redressing, preventing, or
13 deterring discrimination.

14      Wherefore, PLAINTIFF prays for judgment as set forth below.

15                    **NINTH CAUSE OF ACTION**

16                    **INJUNCTIVE RELIEF**

17            **(By PLAINTIFF Against Defendants COSTCO and**

18                **DOES 1 through 50, inclusive)**

19      154.   PLAINTIFF repeats and re-alleges the allegations set forth above and
20 incorporates same by reference as though fully set forth herein.

21      155.   The acts and omissions of defendants COSTCO and DOES
22 1 through 50, inclusive, and each of them, have caused irreparable harm to
23 PLAINTIFF and will continue to cause irreparable harm to current employees unless
24 the complained of conduct is enjoined. There is no immediate, adequate, or speedy
25 remedy at law to redress the continuing discriminatory and retaliatory policies and
26 practices of defendants COSTCO and DOES 1 through 50, inclusive, and each of
27 them. Therefore, PLAINTIFF seeks affirmative and injunctive relief as follows:
28 ///

**COMPLAINT FOR DAMAGES**

1    (a) for an injunction restraining defendants COSTCO and DOES
2    1 through 50, inclusive, and each of them, from continuing or maintaining any policy,
3    practice, custom or usage which is discriminatory or retaliatory in nature against any
4    employee based upon the employee's protected class status, such as disability;

5    (b) for an injunction restraining defendants COSTCO and DOES
6    1 through 50, inclusive, and each of them, along with their supervising employees,
7    agents and all those subject to its control or acting in concert with it from causing,
8    encouraging, condoning or permitting discriminatory practices, as well as the practice
9    of retaliation;

10    (c) for affirmative relief requiring defendants COSTCO and DOES
11    1 through 50, inclusive, and each of them, to conduct training of all employees to
12    "sensitize" them to the harmful nature of discrimination and retaliation against any
13    employee.  The proposed plan of education and training should also include training
14    and detection, and correction and prevention of such discriminatory and retaliatory
15    employment practices;

16    (d) for affirmative relief requiring defendants COSTCO and DOES
17    1 through 50, inclusive, and each of them, to notify all employees and supervisors,
18    through individual letters and permanent postings in prominent locations in all
19    offices that discrimination and retaliation violate the FEHA and the consequences of
20    violation of such laws and policies;

21    (e) for affirmative relief requiring Defendants COSTCO and DOES
22    1 through 50, inclusive, and each of them, to develop clear and effective policies and
23    procedures for employees complaining of retaliation, discrimination, or other
24    violations of the FEHA so they may have their complaints promptly and thoroughly
25    investigated (by a neutral fact finder) and informal, as well as formal, processes for
26    hearing, adjudication, and appeal of the complaints; and

27    (f) for affirmative relief requiring defendants COSTCO and DOES
28    1 through 50, inclusive, and each of them, to develop appropriate sanctions or

43

**COMPLAINT FOR DAMAGES**

1  disciplinary measures for supervisors or other employees who are found to have
2  committed discriminatory or retaliatory acts, including warnings to the offending
3  person and notations in that person's employment record for reference in the event
4  future complaints are directed against that person, and dismissal where other
5  measures fail.

6       Wherefore, PLAINTIFF prays for judgment as set forth below.

7                    **PRAYER FOR RELIEF**

8       **WHEREFORE**, PLAINTIFF seeks judgment against DEFENDANTS, and
9  each of them, in an amount according to proof, as follows:

10      1.      For a money judgment representing compensatory damages, including
11  lost wages, loss of earning capacity, employee benefits, and all other sums of money,
12  together with interest on these amounts; for other special damages; and for general
13  damages, including for past and future medical expenses for the aggravated disability
14  and emotional distress;

15      2.      For a declaratory relief reaffirming PLAINTIFF's equal standing
16  under the law and condemning defendants COSTCO and DOES 1 through 50,
17  inclusive, and each of them, for engaging in discriminatory and retaliatory
18  employment practices;

19      3.      For injunctive relief preventing and barring defendants COSTCO and
20  DOES 1 through 50, inclusive, and each of them, from implementing discriminatory
21  and retaliatory employment policies and engaging in discriminatory and retaliatory
22  employment practices in the future;

23      4.      For punitive damages, pursuant to California Civil Code section 3294,
24  in amounts sufficient to punish DEFENDANTS for the wrongful conduct alleged
25  herein and to deter such conduct in the future;

26      5.      For prejudgment interest on each of the foregoing at the legal rate
27  from the date on which the obligation became due through the date of judgment
28  in this matter;

44

**COMPLAINT FOR DAMAGES**

1     6.     For post-judgment interest;

2     7.     For reasonable attorneys' fees, pursuant to the FEHA, California Code

3 of Civil Procedure section 1021.5, and/or any other basis;

4     8.     For costs of suit incurred herein, including expert witness fees pursuant

5 to the FEHA, and/or any other basis; and

6     9.     For any other relief that is just and proper.

Respectfully submitted,

Dated: March 18, 2020          **SCHIMMEL & PARKS, APLC**

Alan I. Schimmel
Michael W. Parks
Arya Rhodes
Attorneys for Plaintiff FARRAH LANE

Dated: March 18, 2020          **THE HENNA CHOI LAW FIRM**

Henna H. Choi
Marc Tran
Attorneys for Plaintiff FARRAH LANE

Dated: March 18, 2020          **LAW OFFICE OF JOSHUA PARK**

Joshua Park
Attorney for Plaintiff FARRAH LANE

45

**COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2          PLAINTIFF demands a trial by jury as to all issues so triable.

3

4                                          Respectfully submitted,

5   Dated:  March 18, 2020            **SCHIMMEL & PARKS, APLC**

6

7

8                                      Alan I. Schimmel
                                       Michael W. Parks
9                                      Arya Rhodes
                                       Attorneys for Plaintiff FARRAH LANE
10

11  Dated:  March 18, 2020            **THE HENNA CHOI LAW FIRM**

12

13

14                                     Henna H. Choi
                                       Marc Tran
15                                     Attorneys for Plaintiff FARRAH LANE

16  Dated:  March 18, 2020            **LAW OFFICE OF JOSHUA PARK**

17

18

19

20                                     Joshua Park
                                       Attorney for Plaintiff FARRAH LANE
21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alan I. Schimmel, Esq. SBN 101328<br>Schimmel & Parks, APLC<br>15303 Ventura Blvd. Suite 650<br>Sherman Oaks, CA 91403<br>TELEPHONE NO.: (818)464-5061 FAX NO. (Optional): (818)464-5091<br>E-MAIL ADDRESS (Optional): aischimmel@spattornevs.com<br>ATTORNEY FOR (Name): PLAINTIFF | **FILED**<br>Superior Court of California<br>County of Riverside<br>**8/5/2020**<br>J. Hendrickson<br>Electronically Filed |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>STREET ADDRESS: 4050 Main Street<br>MAILING ADDRESS: 4050 Main Street<br>CITY AND ZIP CODE: Riverside, CA 92501<br>BRANCH NAME: Riverside Historic Courthouse | |
| PLAINTIFF/PETITIONER: Farrah Lane | CASE NUMBER:<br>RIC2001769 |
| DEFENDANT/RESPONDENT: Costco Wholesales Corporation, et al. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or Fle No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice of Department Assignment, Notice of CMC, and Certificate of Counsel

3. a. Party served *(specify name of party as shown on documents served):*
      COSTCO WHOLESALE CORPORATION, a Washington corporation
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Emily E. Schroeder

4. Address where the party was served:
   601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*          (2) at *(time):*

   b. ☐ **by substituted service.** on *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

POS-010

| PLAINTIFF/PETITIONER: FARRAH LANE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION, ET AL | RIC2001769 |

5. c. [ x ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* July 9, 2020          (2) from *(city):* Sherman Oaks

    (3) [ x ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [ x ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of *(specify):*

  c. [ ] as occupant.

  d. [ x ] On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ x ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**

  a. Name: Santiago G. Laurel

  b. Address: 15303 Ventura Blvd. Suite 650 Sherman Oaks, CA 91403

  c. Telephone number: (818)464-5061

  d. The fee for service was: $

  e. I am:

    (1) [ x ] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] a registered California process server:

      [ ] owner   [ ] employee   [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [ ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. [ x ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: August 5, 2020

Santiago G. Laurel

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.

